UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. BOWZER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:08CV0091 JCH |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner James Bowzer's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2254, filed January 17, 2008 (Doc. No. 1 ("Motion")). Because this Court has determined that Bowzer's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Bowzer's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

The Missouri Court of Appeals summarized the underlying events in this case as follows:

"On or about July 27, 1998, [Bowzer] was in the Deerfield Mobile Home Park area in St. Charles. Kevin O'Brien and John Tamure (Co-defendants) asked [Bowzer] to drive them to a place in St. Louis County near a cinema so that they could commit a robbery to get money to purchase drugs to resell. [Bowzer] drove Co-defendants to the specified place. [Bowzer] waited in his truck after Co-defendants exited. Co-defendants returned in approximately fifteen minutes and said that they were unable to commit the robbery. [Bowzer] then drove them to Frontier Park in St. Charles so they could commit a robbery. Co-defendants exited the truck and told [Bowzer] to wait for them.

---

[1] "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted).

After some time passed, Co-defendants returned with a purse, wallet, credit cards, pager, and cash, which they said they had taken at gunpoint from a woman in the park.

[Bowzer] was later arrested for his involvement. He gave a statement indicating that he had driven the Co-defendants to St. Louis County where they had been unsuccessful in their robbery attempt and that he then drove them to Frontier Park. The State charged [Bowzer] with first degree robbery in the Frontier Park incident. At his trial, the trial court overruled [Bowzer]'s objections to the admission of his statements about the attempted robbery in St. Louis County A jury convicted [Bowzer] of one count of robbery in the first degree. The trial court sentenced him as a prior persistent offender to fifteen years of imprisonment."

(Respondent's Exhibit D, p. 2).

On July 7, 2000, a jury found James Bowzer guilty of robbery in the first degree. (Motion, p. 1). Bowzer was sentenced to fifteen (15) years imprisonment (Motion, p. 1; Government's Response to Order to Show Cause ("Response"), Doc. No. 7, p. 1).

Bowzer appealed this judgment to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the judgment of the trial court on June 12, 2001. (Respondent's Exhibit D).[2] On September 27, 2001, Bowzer also appealed the trial court's denial of his motion for post-conviction relief pursuant to Mo.S.Ct.R. 29.15. (Motion, p. 3). On April 10, 2007, the Missouri Court of Appeals, Eastern District, affirmed the trial court's denial of Bowzer's post-conviction motion. (Motion, p. 3; Respondent's Exhibit K).

On January 17, 2008, Bowzer filed this Motion seeking relief based upon the following four grounds:

(1) "Petitioner was denied his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the trial court erred by overruling Bowzer's objection to and admitting improper evidence of uncharged misconduct/crimes of an unsuccessful robbery, drug use and sale of drugs, presented by the state prosecutor, in that the uncharged misconduct/crimes invited

---

[2]Petitioner states that the Court of Appeals issued its mandate on July 10, 2001. (Motion, p. 2).

the jury to find Bowzer guilty of simply being a criminal rather than finding Bowzer guilty beyond a reasonable doubt for the actual crime to which Bowzer was charged." (Motion p. 15).

(2) "Bowzer was denied his right to be free from self-incrimination, to a fair and impartial trial and due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10, 18(a) and 19 of the Missouri Constitution because the prosecutor improperly sought and successfully encouraged, and the trial Judge rendered based thereon, a more harsh and severe sentence for Bowzer due to Bowzer's exercise of his constitutional right to a fair trial by jury, and Bowzer's rejection of the state's plea offer." (Motion, p. 17).

(3) "Bowzer was denied his rights to due process and effective assistance of trial counsel as guaranteed by the Fifth Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution in that his trial counsel failed to investigate and present several exculpatory witnesses that would have supported Bowzer's claims of innocence and his trial defense of mistaken identity." (Motion, p. 19).

(4) "Bowzer was denied his rights to due process and effective assistance of trial counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 18(a) and 22 of the Missouri Constitution by trial counsel's failure to advise Bowzer that counsel was performing his constitutional obligations to Bowzer while knowingly laboring under an actual, and self-created, conflict of interest by counsel's personal solicitation of Bowzer's alleged co-defendants for the purpose of seeking their interests of being represented by Bowzer's trial counsel for the same charges as Bowzer for additional monetary gain." (Motion, p. 22).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004). The Supreme Court has emphasized the phrase

"Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams v. Taylor, 529 U.S. 362, 412 (2000). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

**DISCUSSION**

**I.      Ground 1**

After Bowzer's arrest, he provided a statement to the authorities regarding an unsuccessful robbery attempt in St. Louis County that occurred on the same day as the charged robbery in Frontier Park. Over defense counsel's objection, the trial court admitted evidence of this unsuccessful robbery at trial. Bowzer asserts that evidence of this unsuccessful robbery was an improper attack upon his character and resulted in the jury having a predisposed view of him as a criminal. Bowzer argues that there was no support for Detective Sutton's testimony that Bowzer admitted to this attempted robbery because Bowzer did not make a sworn, written statement.

Evidence of other crimes is admissible if it tends to establish motive, intent, identity, common scheme or plan or absence of mistake or accident. State v. Engleman, 653 S.W.2d 198, 199 (Mo. 1983). Evidence of other crimes also is admissible to establish the circumstances or sequence of events surrounding the offense charged. State v. Flenoid, 838 S.W. 2d 462, 467 (Mo. Ct. App. 1992). The government is afforded latitude to furnish a complete and cohesive picture of the charged offense. Id.

The Missouri Court of Appeals determined that the uncharged robbery was important to telling the story of what happened on the day at issue. The Court of Appeals held that the evidence

- 5 -

of the prior robbery "added to the complete and comprehensive picture of the robbery in Frontier Park." (Exhibit. D, p. 4). Moreover, the Court of Appeals held that "[b]ecause [Bowzer] denied his involvement in the Frontier Park robbery, the evidence of his involvement in the attempted robbery that occurred under similar circumstances and close in time was legally relevant in that its probative value outweighed its prejudicial effect." (Id.) Thus, the Court of Appeals found that evidence of the first, uncharged robbery in St. Louis County was "logically relevant" to show that Bowzer was involved in the subsequent robbery on the same day, under similar circumstances and with the same motive.

The Missouri Court of Appeals did not contravene clearly established law, as determined by the Supreme Court of the United States. The federal courts, including the Supreme Court, apply the same standard for admissibility for uncharged crimes or wrong as that utilized by the Missouri Court of Appeals. Osborne v. Purkett, 411 F.3d 911, 917 (8th Cir. 2005) (citing Fed. R. Evid. 403, 404(b); Huddleston v. United States, 485 U.S. 681, 685-88 (1988)). The Missouri Court of Appeals' decision is consistent with Supreme Court precedent, which allows use of prior, uncharged crimes under certain circumstances and for certain purposes.

Moreover, federal courts can reverse a state court evidentiary ruling only if the petitioner shows that the alleged improprieties were "so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (citations omitted). "To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety the verdict probably would have been different." Id. Here, the Court finds that there is ample support for the verdict in this case. The Petitioner admitted both the underlying crime and the prior robbery attempt. Petitioner has presented no evidence that the outcome of the trial would have

been different if the jury had not learned of the prior robbery attempt. The Court denies Ground 1 of Bowzer's habeas motion.

**II.     Ground 2**

Bowzer claims that he was denied his right to a fair trial when the prosecutor improperly sought, and successfully encouraged, a more severe punishment for Bowzer for exercising his right to trial by jury than Bowzer would have received if he had accepted the plea deal. At trial, the prosecution recommended that Bowzer receive twenty (20) years in the Missouri Department of Corrections. (Respondent's Exhibit I, p. 24). The prosecution recommended this sentence based on Bowzer's role as the driver, who enabled the crime to occur. Also, the prosecutor noted Bowzer's prior infractions as a prior persistent offender, with five prior offenses. (Id., pp. 24-25). The prosecution informed the sentencing court that Bowzer was on parole at the time of his arrest. (Id.)

Bowzer's counsel argued that Bowzer should have received a lesser sentence because co-defendant Kevin O'Brien, who had a more violent criminal record, received ten (10) years as part of a plea bargain. (Id., p. 29). In response, the State noted that O'Brien received a reduced sentence because he accepted responsibility and "saved the trouble" of a jury trial. (Id., p. 31). The State noted that Bowzer had turned down a plea agreement that would have required him to testify against the third co-defendant. (Id., p. 31). Upon objection by defense counsel, the trial court noted that it would not penalize the defendant for choosing to exercising his right to trial. (Id., p. 32; see also Respondent's Exhibit K, p. 6).

When Bowzer raised this issue before the Missouri Court of Appeals, it found that there was no evidence that the sentencing court punished Bowzer for exercising his right to trial by jury. (Respondent's Exhibit K, p. 6). The Court of Appeals noted that the sentencing court that it would not penalize Bowzer for exercising his right to trial and that doing so would be improper. The Court

of Appeals found that the sentence imposed on Bowzer was not punitive but was less than the sentence recommended by the prosecution and was consistent with a sentence for a prior persistent offender. (Id.)

The Missouri Court of Appeals did not contravene clearly established federal law nor was the sentencing an "unreasonable determination of the facts" given the evidence presented in the State court proceeding. There is no support for Bowzer's claim that he was punished for exercising his right to trial by jury. (Respondent's Exhibit I, p. 32). Rather, the record supports a finding that Bowzer was sentenced to fifteen years of imprisonment because he refused to accept responsibility for his crime and to assist in the prosecution of a co-defendant. In addition, Bowzer received a fifteen year sentence as a prior persistent offender. None of these reasons constitute a violation of Bowzer's right to trial by jury.

Petitioner's second ground for relief is denied.

## III.    Ground 3

### A.    Legal Standard for Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth

the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

**B.     Discussion**

Petitioner claims that his counsel was ineffective because he failed to present exculpatory witnesses that would have supported Bowzer's mistaken identity defense. At an evidentiary hearing, co-defendant Kevin O'Brien and Brandon Reed testified that they would have provided testimony confirming Bowzer's claims that his Blazer was stolen days prior to the robbery at Frontier Park and that he was not the driver in the robbery. Bowzer's counsel testified that he chose not to call O'Brien and Reed and not to pursue the mistaken identify defense as a "trial strategy." (Ex. K, p. 3).

The decision not to call a witness is "virtually unchallengeable" as a claim of ineffective assistance of counsel. Clayton v. State, 63 S.W. 3d 201, 206 (Mo. 2001). "The Eighth Circuit has repeatedly warned against second guessing a lawyer's trial strategy in evaluating claims of ineffective assistance of counsel." Mitchell v. Class, No. 95-4038, 1995 U.S. Dist. LEXIS 21808, at *19 (D.S.D. Dec. 19, 1995) (citations omitted). To show ineffective assistance of counsel based on failure to present a witness, the petitioner must show that the witness would have testified and that such testimony would have aided in his defense. State v. Johnson, 901 S.W. 2d 60, 63 (Mo. 1995).

Petitioner's counsel made the decision not to have O'Brien and Reed testify because he believed it to be unhelpful and incredible. Petitioner's counsel testified that he chose not to call O'Brien because his testimony could have been impeached with a prior statement he gave to the

police that implicated Bowzer in the robbery. (Respondent's Exhibit K, pp. 3-4). In addition, counsel believed that both O'Brien and Reed could have been impeached by their prior felony convictions. (Respondent's Exhibit K, p. 4). Petitioner's counsel also testified that he chose not to call O'Brien or Reed in order to prevent the introduction of perjured testimony. Counsel testified that Bowzer had told counsel that he participated in the robbery and his statements were consistent to statements Bowzer gave to the police. (Respondent's Exhibit K, p. 4).

Bowzer filed a post-conviction motion with the trial court on this issue and the trial court determined that Bowzer's counsel was more believable than O'Brien and Reed.[3] The Missouri Court of Appeals deferred to the trial court's determination, and found that Bowzer's counsel was "'a far more credible witness' than Bowzer and that he could not be faulted for declining to put on perjured testimony." (Respondent's Exhibit K, p. 4). See Carter v. Armontrout, 929 F.2d 1294, 1300 (8th Cir. 1991) (accepting the state court's credibility determinations).

Here, the state court did not misread the factual record, and the conclusion that counsel's conduct was a matter of reasonable trial strategy is appropriately based upon trial counsel's testimony at the post-conviction evidentiary hearing. Bowzer's counsel chose not to call two witnesses whose testimony would be impeached by the prosecution and which counsel knew to be incredible. Petitioner did not rebut the presumption that it was reasonable trial strategy not to call these witnesses. Smith v. Roper, No. 4:08CV1529, 2009 U.S. Dist. LEXIS 62702, at *75-76 (E.D. Mo. Jul. 22, 2009). Counsel's decision not to call these witnesses is not a violation of any known federal

---

[3]It appears that Petitioner failed to claim at the state court level that his mother would have testified on his behalf. Accordingly, Petitioner has waived this claim based upon his mother's alleged testimony. See Cox v. Norris, 958 F. Supp. 411, 416 (E.D. Ark. 1996) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)) ("Supreme Court has embraced a rule of 'total exhaustion,' which means that every claim in a federal habeas petition must have first been presented to the state courts.")

law established by the Supreme Court. The decision of the Missouri Court of Appeals regarding Ground 3 is a reasonable interpretation of federal law and was based on a reasonable determination of the facts in light of the evidence presented at Petitioner's trial. Accordingly, Ground 3 fails.

## IV. Ground 4

Bowzer claims that his counsel was ineffective at sentencing because he failed to disclose a conflict of interest. Bowzer claims that his counsel was working under a conflict of interest because his counsel had solicited O'Brien to represent him in the same case. According to the Missouri Court of Appeals, "[t]he only evidence presented at the evidentiary hearing regarding the allegation of conflict of interest was O'Brien's testimony that counsel approached him on one occasion for the purpose of representation." (Respondent's Exhibit K, p. 5).[4] The Court of Appeals determined that there was no evidence of a conflict of interest because, even assuming Bowzer's claims are correct, counsel never served as O'Brien's attorney during his representation of Bowzer. (Id.)

This Court finds that the Missouri Court of Appeals did not misapply federal law and its decision was reasonable given the facts presented. The evidence is clear that there was never, at any point, any actual conflict of interest for counsel's representation of Bowzer. This Court's review of the record "reveals nothing which could properly be characterized as objectively unreasonable professional conduct under the circumstances." Wright v. Minnesota, 833 F.2d 746, 749 (8th Cir. 1987). Counsel never represented O'Brien and, according to O'Brien, counsel only solicited O'Brien once. There is no violation of clearly established federal law. Ground 4 of Petitioner's § 2255 Motion must therefore be denied. (Id.)[5]

---

[4]Counsel testified that he never approached O'Brien. (Id.)

[5]Moreover, even if there had been a conflict of interest, Petitioner has not sufficiently shown that his counsel's alleged conflict of interest adversely affected his performance. Koste v. Dormire, 345 F.3d 974, 983 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner James Bowzer's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 31st day of August, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE